FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VEDELL G., | No.   1:22-CV-3163-WFN |
| Plaintiff, | ORDER |
| -vs- | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security | |
| Defendant. | |

Vedell G. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney Ryan Lu represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Supplemental Security Income on September 4, 2019, alleging disability beginning on July 3, 2017. Tr. 16, 187–92. The application was denied initially, Tr. 80–88, and on reconsideration, Tr. 90–103. Administrative Law Judge [ALJ] Joseph Hajjar held a hearing on August 6, 2021, Tr. 50–78, and issued an unfavorable decision on August 17, 2021, Tr. 16–30. The Appeals Council denied review on September 12, 2022. Tr. 1–6. The ALJ's August 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 7, 2022. ECF No. 1.

## FACTS

Plaintiff was born in 1979 and was 38 years of age as of his alleged onset date. Tr. 29, 55. He has a GED, Tr. 29, 582, and very minimal work history. Tr. 57. Plaintiff alleges

ORDER - 1

disability based on posttraumatic stress disorder [PTSD], anti-social personality disorder, anxiety, and panic disorders. Tr. 54–55.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot

ORDER - 2

perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 17, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 16–30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: "hypertension, obesity, circulatory system disease, [PTSD], anxiety, alcohol addiction, personality disorder, and depressive disorder." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18–21.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found he can perform medium work

> except: [Plaintiff] can frequently climb ramps and stairs; can occasionally climb ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; can adapt to occasional and superficial interactions with supervisors, coworkers, and the public ("superficial" means no arbitration, negotiation, mediation, confrontation, or being responsible for the safety o[r] supervision of other); and can adapt to routine[] workplace changes.

Tr. 21.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 29.

ORDER - 3

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 29–30. The ALJ specifically identified the representative occupations of sweeper/cleaner, hand packager, and industrial cleaner. Tr. 30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's claims of disabling symptoms from PTSD and anxiety without reasons that were specific, clear, and convincing, (2) finding Plaintiff's PTSD did not meet Listing 12.15, and (3) improperly rejecting medical opinion evidence.

## DISCUSSION

**(1) Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting his subjective symptom testimony. ECF No. 11 at 8–15.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence

ORDER - 4

undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified he cannot work because being around other people makes him too uncomfortable. Tr. 61. Plaintiff explained he was in prison for a sex offense for a long time and does not know how to behave outside of that context. Tr. 62–64. He cannot help but react aggressively if someone looks at him too long. *Id.* In short, Plaintiff claims he cannot work because he cannot get along with others and because he is overcome by panic and anxiousness. Tr. 54, 61–69. When asked if he could maintain a job that did not require him to interact with others, he said it would make him too scared to be by himself outside of his own space. Tr. 70.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21–25.

The ALJ found Plaintiff's claims were inconsistent with the objective medical evidence. TR. 22–23. Mental status examinations were generally unremarkable, showing normal mood, affect, memory, judgment, and interactions. Tr. 23, 272, 276, 280, 706, 708, 713. Treatment notes too showed mostly normal behavior, concentration, attention, and memory. Tr. 23–24, 383, 440–41. Similarly, the ALJ found Plaintiff had improved with treatment. Tr. 24, 580, 583, 592, 602. These are legitimate reasons for discounting Plaintiff's symptom claims. *See Smartt v. Kijakazi*, 53 F.4th 489, 498–500 (9th Cir. 2022). And although the ALJ did not credit the full extent of Plaintiff's claimed limitations, he still included significant social limitations in the RFC. Tr. 21.

Plaintiff argues the ALJ erred by discounting his symptom claims as inconsistent with the objective evidence. ECF No. 11 at 11–14. Notably, Plaintiff contends it was inappropriate for the ALJ to consider remarks about Plaintiff's behavior made during the course of treatment for physical issues. *Id.* at 11–12. According to Plaintiff, it is normal for doctors to make no mention of matters beyond their own specialty. *Id.* But Plaintiff mistakes

ORDER - 5

the ALJ's reasoning. The ALJ found Plaintiff's claims that he could not get along in any social situations were inconsistent with his seeming ability to get along with multiple healthcare providers. Tr. 28–29. Plaintiff also cites records to show that his claims are consistent with the objective evidence. ECF No. 11 at 13–14. But the Court must uphold the ALJ's finding because it is supported by substantial evidence, even if there is evidence in the record that could support a contrary conclusion. *See Morgan*, 169 F.3d at 599. Finally, Plaintiff argues the ALJ cannot reject symptom claims merely because they are unsupported by the record. ECF No. 11 at 12. This argument fails because the ALJ gave additional reasons for rejecting Plaintiff's symptom claims. *See* Tr. 23.

The ALJ also found Plaintiff's claims were inconsistent with his daily activities. Tr. 23. Contrary to Plaintiff's claims that he cannot have any social interactions, he goes drinking at bars, has romantic relationships with multiple partners, visits regularly with friends and his mother, and drives family members places. Tr. 23–24, 422, 509, 575, 590, 668. He also reported he "is able to go shopping for groceries and other personal needs whenever he needs them" and is also able to take care of the rest of his own daily needs on his own. Tr. 562. Plaintiff offers a competing interpretation of the evidence and argues that his activities are consistent with his claimed symptoms. ECF No. 11 at 9–11. However, the Court will uphold the ALJ's interpretation of the evidence because it is reasonable. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).

**(2) Step Three**

Plaintiff argues the ALJ erred at step three by finding Plaintiff's PTSD did not meet or equal Listing 12.15. ECF No. 11 at 5–8.

At step three the ALJ must determine whether the claimant's impairments meet or equal an impairment listed in 20 C.F.R. pt. 404, Subpt. P, app. 1. 20 C.F.R. § 416.925(d). If the claimant's impairments do meet or equal a listing, the claimant will be found disabled without further inquiry. 20 C.F.R. § 416.9250(a)(4)(iii); *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013). This is so because the listed impairments are highly severe. *See Kennedy*, 738 F.3d at 1176. For established mental impairments, the ALJ must rate the

ORDER - 6

severity according to the Paragraph B criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(a). The Paragraph B criteria cover the claimant's ability to (1) understand, remember, or apply information; (2) interact with others, (3) concentrate, persist, or maintain pace, and (4) adapt or manage oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b). The claimant's impairment will only meet the listing if he has an extreme limitation in at least one of the Paragraph B criteria or a marked limitation in at least two. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(F)(2).

Here, the ALJ found Plaintiff had no limitation in understanding, remembering, or applying information; moderate limitation in interacting with others; mild imitation in concentrating, persisting, or maintaining pace, and moderate limitation in adapting or managing oneself. Tr. 19–20. In finding Plaintiff had moderate limitation in interacting with others, the ALJ considered objective evidence indicating Plaintiff was irritable, paranoid, and hypervigilant. Tr. 20. However, the ALJ also considered objective evidence showing Plaintiff was friendly and cooperative with treatment providers, as discussed above. *Id.* Likewise, the ALJ found Plaintiff's activities, discussed above, were inconsistent with an extreme limitation in Plaintiff's ability to interact with others. *Id.*

Plaintiff argues the ALJ erred by not finding that Plaintiff has an extreme limitation in interacting with others. ECF No. 11 at 7. According to Plaintiff the evidence actually leads to the conclusion that he is extremely limited in his ability to interact with others. *Id.* Plaintiff offers alternative explanations for the evidence the ALJ cited in support of his finding. *Id.* However, this Court will affirm the ALJ's reasoning because it is rational. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

**(3) Medical Opinion Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinions of Marvin Neal Anderson, L.I.C.S.W., and Thomas Genthe, Ph.D. ECF No. 11 at 15–20.

ORDER - 7

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.
>
> (2) *Consistency*. The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the

ORDER - 8

decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

### (a) Marvin Neal Anderson, L.I.C.S.W.

Mr. Anderson was Plaintiff's treating therapist. On July 30, 2021, he completed a form questionnaire provided by Plaintiff's counsel. Tr. 700–04. Among other things, Mr. Anderson checked boxes stating Plaintiff would be unable to: "maintain attention and concentration for extended periods"; "perform activities within a schedule, maintain regular attendance, and be punctual within customary limits"; "sustain an ordinary routine without special supervision"; "work in coordination with or proximity to others without being distracted by them"; "complete a normal workday and workweek without interruptions from psychologically based symptoms and . . . perform at a consistent pace without an unreasonable number and length of rest periods"; "interact appropriately with the general public"; "accept instructions and respond appropriately to criticism from supervisors"; or "get along with coworkers or peers without distracting them or exhibiting behavioral extremes." Tr. 701–02. Mr. Anderson also stated Plaintiff would be off task more than 30% of the time and absent at least four days a month. Tr. 703. He opined Plaintiff had moderate limitations in understanding, remembering, and applying information, and extreme limitations in the other three Paragraph B criteria. *Id.* He also agreed Plaintiff satisfied the Paragraph C criteria. *Id.*

The ALJ found these opinions unpersuasive because they were not supported by citations to objective evidence or consistent with the record as a whole. Tr. 26. Although Mr. Anderson indicated Plaintiff had extreme limitations in concentrating, persisting, or maintaining pace, mental status notes consistently described Plaintiff as having good alertness, concentration, and attention, *id.* (citing Tr. 276, 280, 583, 595), and objective measures confirmed that description, *id.* (citing Tr. 462–94). Regarding social interaction, the ALJ noted reports that Plaintiff is paranoid, hypervigilant, and irritable. Tr. 26. However, The ALJ also considered Plaintiff's generally normal mental status exams during physical treatment, ability to interact positively with treatment providers, and social activities—

ORDER - 9

discussed above—all of which the ALJ found inconsistent with Mr. Anderson's extreme social limitations. *Id.* Finally, the ALJ noted Mr. Anderson's opinion was inconsistent with the opinions of Steven Hanly, M.D., and Michael Regets, Ph.D., whom the ALJ found to be more persuasive. *Id.*

Plaintiff argues the ALJ erred by rejecting Mr. Anderson's opinion for not being supported by citations to objective evidence. ECF No. 15 at 17–18. According to Plaintiff it is error, under *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014), to reject a treating source's check-the-box report if it is supported by numerous records. ECF No. 11 at 17–18. However, *Garrison* was decided under law that has since been superseded. *See Woods*, 32 F.4th at 791–92. Under the current regulatory regime, treating sources are not entitled to special weight, and supportability and consistency are the most important factors. *See* 20 C.F.R. § 404.1520c. The ALJ discussed those factors and reasonably found Mr. Anderson's opinion was inconsistent with the record and insufficiently supported. Plaintiff goes on to argue the evidence is consistent with Mr. Anderson's opinion, ECF No. 11 at 18–19, but the ALJ's finding will be upheld because it is supported by substantial evidence, *see Morgan*, 169 F.3d at 599.

**(b) Thomas Genthe, Ph.D.**

Dr. Genthe evaluated Plaintiff on February 12, 2020. Tr. 462–94, 560–70. He opined Plaintiff had marked impairments in maintaining appropriate behavior at work and completing a normal workday and workweek without interruption. Tr. 465. He also opined treatment for six to nine months could be enough to address Plaintiff's issues moderately well. Tr. 466.

The ALJ found Dr. Genthe's opinion unpersuasive because it was not supported by explanation or by the results of Dr. Genthe's own examination, which was fairly unremarkable. Tr. 27. Plaintiff reported he could care for himself independently, including buying groceries, washing laundry, cleaning, and grooming. *Id.* (citing Tr. 562). He also performed basic cognitive tasks, had normal memory, paid attention, and was friendly with the examiner. *Id.* (citing Tr. 562).

ORDER - 10

Plaintiff argues that the ALJ rejected Dr. Genthe's opinion because it was presented in a check-the-box form. ECF No. 11 at 19–20. The Court disagrees. The ALJ rejected Dr. Genthe's opinion because it was not supported by an explanation and because it was inconsistent with the record. As discussed above, these are appropriate factors for rejecting medical opinion evidence under current regulations. *See* 20 C.F.R. § 404.1520c. Here too, Plaintiff argues the evidence is contrary to the ALJ's findings, ECF No. 11 at 19–20, but the Court upholds the ALJ's finding because it is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of reversible error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed March 10, 2023, **ECF No. 11**, is **DENIED**.
2. Defendant's Brief, filed May 8, 2023, **ECF No. 15**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 11th day of August, 2023.

08-09-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 11